UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADE OLUMIDE,                           )<br>                                                    )<br>           Plaintiff,                      )<br>v.                                              )     Civil Action No.  1:20-cv-00247 (UNA)<br>                                                    )<br>UNITED STATES                       )<br>ATTORNEY GENERAL, *et al*.,  )<br>                                                    )<br>           Defendants.                  )  | |

## MEMORANDUM OPINION

On January 27, 2020, plaintiff, proceeding *pro se*, filed a complaint and a first application for leave to proceed *in forma pauperis* ("IFP"). On March 10, 2020, the court issued an order directing plaintiff to, within 30 days, file an amended IFP application, because the initial application was insufficient. Plaintiff has now filed an adequate amended application for leave to proceed IFP, and therefore, the court may turn to the complaint. The court will grant the amended IFP application and dismiss the complaint and this matter without prejudice.

Plaintiff, a resident of Ontario, Canada, sues the U.S. Attorney General, the U.S. House of Representatives Democratic Caucus, the U.S. Senate Democratic Caucus, the U.S. House of Representatives Republican Conference, and the U.S. Senate Republican Conference. The complaint is far from a model in clarity, primarily consisting of broad recitations and ruminations regarding the policy and procedures of the legislative branch and two-party political system. He then alleges that "floor-crossing," or the changing of party allegiance, is a criminal act. More specifically, he alleges that the ability for a congressperson to switch from the Democratic Party to the Republican Party constitutes systematic discrimination against black men. Plaintiff seeks declaratory relief and "is not asking DOJ to create new law, he is asking DOJ to clarify existing

law[,]" and "enforce the Constitution[,]" by publishing a "legal opinion or regulation . . . [indicating that] floor crossing is prohibited by the U.S. Constitution."

First, Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted). Where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, plaintiff has failed to establish standing because he has not pled any actual or imminent injury aside from, at best, a generalized grievance. Plaintiff's lack of standing is further compounded by the fact that he resides in Canada yet takes issue with the United States legislature and political process.

Second, the court cannot order Congress to take the requested action. The Constitution provides that [a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const., art. I, § 1. It is "a basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another." *Loving v. United States*, 517 U.S. 748, 757 (1996); *see*

*Clinton v. Jones*, 520 U.S. 681, 701 (1997) ("We have recognized that '[e]ven when a branch does not arrogate power to itself . . . the separation-of-powers doctrine requires that a branch not impair another in the performance of its constitutional duties.") (quoting *Loving*, 517 U.S. at 757). Under Article 1 of the Constitution, "[t]he Founders of this Nation entrusted the law making power to the Congress alone[.]" *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 589 (1952). Therefore, this court cannot order Congress to enjoin or modify "floor-crossing."

Similarly, the Court can neither order the Attorney General nor the Department of Justice to take action against Congress. Plaintiff fails to provide any authority to support the contention that the Department of Justice, an Executive Branch agency, has any authority to redefine Congressional policy. Further, the decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).

Plaintiff also cannot compel a criminal investigation by any law enforcement agency by filing litigation. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has

absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For all of these reasons, this case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting). A separate order accompanies this memorandum opinion.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 15, 2020